UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAVIA BROUSSARD | CIVIL ACTION |
| VERSUS | NO. 15-5308 |
| TIFFANY JEFFERSON ET AL. | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand (R. Doc. 10). For the following reasons, the motion is DENIED.

### I. BACKGROUND

On September 3, 2015, Plaintiff, Pavia Broussard, filed suit in the Civil District Court for the Parish of Orleans alleging injuries stemming from an automobile collision occurring in Orleans Parish, Louisiana on December 14, 2014. Plaintiff alleges that Defendant, Tiffany Jefferson, was negligently driving his work vehicle (owned by Defendant Tyson Foods, Inc.), when he "violently struck" Plaintiff's vehicle while she was driving east on Interstate 610. (R. Doc. 1-2). In her petition, Plaintiff sought damages for (a) mental pain and suffering; (b) physical pain and suffering; (c) medical expenses; (d) inconvenience; (e) property damages; (f) loss of enjoyment of life; (g) loss of earning capacity and (h) bad faith penalties and attorney's fees. *Id.* In accordance with Louisiana Code of Civil Procedure article 893, Plaintiff did not plead a specific damage amount in his petition.

Defendants, Tyson Food and Tiffany Jefferson, filed a Notice of Removal on October 20, 2015. Invoking this Court's diversity jurisdiction, Defendant asserted that "the amount in controversy exceeds $75,000" and "complete diversity of citizenship exists among the parties." (R. Doc. 1). On December 2, 2015, Plaintiff moved to remand, arguing that the amount in

controversy does not exceed $75,000. Defendants oppose remand, maintaining that it is "facially apparent" that Plaintiff's claims exceed $75,000.

## II.  ANALYSIS

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court." *See* 28 U.S.C. § 1441(a) (1994). District courts have original jurisdiction of all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). The removing party bears the burden of proving that a district court has jurisdiction over a matter. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

In this case, complete diversity exists and removal is contested solely on the basis of jurisdictional amount, i.e., whether the matter in controversy exceeds $75,000. Because plaintiffs in Louisiana state courts may not specify the numerical value of a damage claim, the Fifth Circuit Court of Appeals has established a clear analytic framework for resolving jurisdictional disputes over the amount in controversy when, as here, no monetary amount of damages is asserted. *Luckett v. Delta Airlines,* 171 F.3d 295, 298 (5th Cir.1999). A defendant removing action to federal court on basis of diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, either by demonstrating that it is facially apparent that the claims are likely above $75,000, or by setting forth the facts in controversy, preferably in the removal petition, but sometimes by affidavit, that support a finding of the requisite amount. *Id.*  If a defendant satisfies this burden, the plaintiff must then prove "to a legal certainty" that the claim is less than $75,000. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).

In this case, Plaintiff seeks damages for a variety of injuries and losses including mental and physical pain and suffering, medical expenses, property damage, loss of enjoyment of life, and loss of earning capacity. These alleged losses stem from a "violent collision" between Plaintiff's Chevrolet Trailbazer and Defendants' Freightline Cascadia truck. In addition to these alleged injuries, Plaintiff also seeks bad faith penalties and attorney's fees. Accordingly, the Court finds that the amount in controversy in this case exceeds $75,000. Although the allegations in Plaintiff's petition are somewhat generic, it is "facially apparent" that her claims are likely above $75,000. Plaintiff seeks damages for physical and mental pain and suffering, loss of enjoyment of life, loss of earning capacity, property damage, and medical expenses stemming from a violent collision on the interstate as well as bad faith penalties and attorney's fees.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

New Orleans, Louisiana this 18th day of February, 2016.

_____
United States District Judge